# 95 DTA 30

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EMPRESAS NARANJO, INC.
Demandante-Recurrida

v.

D.C.A. MECHANICAL
CONTRACTORS, INC.,
WILFREDO PACHECO POR SI Y COMO INTEGRANTE DE LA SOCIEDAD LEGAL
DE GANANCIALES CONSTITUIDA CON SU ESPOSA FULANA DE TAL
Peticionarios-Recurrentes

COMPAÑIA DE FIANZAS DE PUERTO RICO
Demandada-Recurrida

Núm. KLCE-95-00025

San Juan, Puerto Rico, a 21 de marzo de 1995

Panel integrado por su presidente, Juez Rossy García,
y la Juez Alfonso de Cumpiano y el Juez Negrón Soto

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre de la resolución emitida por el Tribunal Superior, Sala de San Juan, el 23 de enero 2 de 1995, mediante la cual se declararon sin lugar cuatro mociones de desestimación presentadas por D.C.A. Mechanical Contractors, Inc., William Pacheco por sí y como integrante de la Sociedad de Gananciales que tiene constituida con su esposa, Fulana de Tal, de la demanda presentada en su contra por Empresas Naranjo, Inc. Por los fundamentos que exponemos a continuación, se deniega la expedición del auto solicitado.

### I

En julio de 1987, D.C.A. Mechanical Contractors, Inc., DCA, presentó acción en cobro de dinero por la suma de $1,909.00 contra Naranjo ante el Tribunal de Distrito, Sala de San Juan. DCA solicitó el embargo en aseguramiento de sentencia, para lo cual prestó una fianza de $3,818.00 expedida por la codemandada, Compañía de Fianzas de Puerto Rico, la fiadora.

La demanda de DCA fue declarada sin lugar por lo que, el 21 de julio de 1989 Naranjo presentó demanda de daños y perjuicios por embargo ilegal contra la fiadora, DCA, William

Pacheco, por sí y como integrante de la Sociedad de Gananciales que tiene constituida con su esposa, Fulana de Tal■■

En esa misma fecha se expidieron los emplazamientos. La fiadora fue emplazada debidamente, sin embargo DCA y Pacheco no fueron emplazados dentro del término de seis meses prescrito por las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(b), sino que el 6 de marzo de 1990 Naranjo solicitó autorización al tribunal para emplazarlos por edictos. Fundamentó su solicitud en el hecho que, a pesar de haber realizado numerosas gestiones para localizar a DCA y Pacheco, ello no había sido posible pues no residían en la dirección indicada en el Departamento de Estado, ni tenían sus oficinas en la dirección que en dicho Departamento aparecía como el principal lugar de negocios de la corporación. El tribunal ordenó el emplazamiento por edictos el 19 de marzo siguiente.

Los emplazamientos por edictos fueron declarados nulos por el tribunal, a solicitud de la fiadora, por no haber cumplido Naranjo con los requisitos consignados en *Mundo v. Fuster,* 87 D.P.R. 363 (1963). El tribunal concedió a Naranjo un término de diez días para emplazar personalmente a dichos demandados o someter afidávit de méritos.

El tribunal de instancia dictó sentencia archivando la demanda por falta de interés el 13 de mayo de 1992, sentencia que luego fue dejada sin efecto por no haber podido el tribunal considerar una moción sometida por Naranjo el 12 de mayo, esto es, un día antes de dictar sentencia.

Los demandados que no habían sido emplazados hasta el momento, a saber, DCA, Pacheco y la Sociedad de Gananciales compuesta entre Pacheco y su esposa, fueron emplazados personalmente el 16 de mayo de 1992. Sin embargo, el Secretario Auxiliar del Tribunal tachó el juramento en el emplazamiento a DCA.

La fiadora solicitó autorización del tribunal para presentar demanda contra coparte, solicitud que fue declarada con lugar el 13 de noviembre de 1992. En esta misma fecha el tribunal convalidó los emplazamientos sometidos por Naranjo aun con el juramento de uno de ellos tachado por el Secretario Auxiliar.

Sin someterse a la jurisdicción del tribunal, DCA y Pacheco solicitaron se dictara sentencia sumaria por haberse solicitado autorización para emplazar por edictos luego de transcurrido el término de seis meses para emplazar y sin haber pedido prórroga para hacerlo dentro de dicho término. Además, adujo que se debía dictar sentencia sumaria a su favor dado que los emplazamientos diligenciados eran los originales expedidos en julio de 1989 en lugar de unos nuevos y que el juramento de los mismos había sido tachado por el Secretario Auxiliar del Tribunal. Solicitó, a su vez, se dejara sin efecto la rebeldía que le había sido anotada por el tribunal anteriormente.

Posteriormente, la fiadora solicitó se le anotara la rebeldía a los demandados contra coparte por no haber contestado su demanda, solicitud que fue declarada con lugar.

DCA y Pacheco solicitaron la desestimación de la demanda por el fundamento de falta de capacidad jurídica de Empresas Naranjo, Inc. por no estar debidamente registrada como corporación en el Departamento de Estado. El tribunal, en lugar de desestimar la demanda, concedió a Naranjo término para enmendar su alegación a los fines de aclarar el nombre corporativo correcto de conformidad con la Regla 15.1 de las de Procedimiento Civil. Naranjo así lo hizo y la sustitución de Empresas Naranjo, Inc. por Naranjo Sales, Inc. fue ordenada por el tribunal el 2 de septiembre de 1993.

El 23 de enero de 1995, el tribunal levantó la rebeldía a DCA y Pacheco. En esa misma

fecha declaró sin lugar todas las mociones de desestimación■ por ellos presentadas el 1 de noviembre de 1994.

El 22 de febrero de 1995, DCA y Pacheco (peticionarios) acudieron ante este Tribunal mediante petición de *certiorari*. Imputan al tribunal de instancia la comisión de cuatro errores, a saber: (1) la determinación de validez de los emplazamientos diligenciados fuera del término reglamentario de seis meses sin que se solicitara expresamente la prórroga de dicho término; (2) la conclusión de que procedía la sustitución de una corporación inexistente incluida como parte demandante en la demanda; (3) la determinación de que la acción no estaba prescrita; y■ la negativa del tribunal a desestimar la reclamación contra Pacheco por alegadamente tratarse de una deuda corporativa de DCA. Discutiremos estos errores en este mismo orden.

## II
**Primer error:**

Dispone la Regla 4.3(b) de las de Procedimiento Civil que:

*"(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio".* 32 L.P.R.A. Ap. III, R.

Esta regla ha sido interpretada en *Banco Metropolitano v. Berríos,* 110 D.P.R. 721 (1981), en conjunción con la Regla 68.3, la cual dispone que:

*"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada **después de haber expirado el plazo especificado,** permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas. 32 L.P.R.A. Ap. III, R. 68.3."*

De acuerdo a este caso, el término de seis meses contados a partir de la expedición del emplazamiento establecido por la Regla 4.3(b), *supra*, para emplazar a la parte no es uno jurisdiccional sino de cumplimiento estricto, puesto que el tribunal goza de discreción para prorrogarlo aun cuando se le haya solicitado la prórroga luego de haber vencido el mismo, siempre y cuando (1) la parte que lo solicita demuestre afirmativamente justa causa o negligencia excusable en su omisión y (2) no se haya alegado y probado arbitrariedad y abuso de discreción por parte del tribunal. *Banco Metropolitano v. Berríos, supra,* a la pág. 723.■ La determinación de justa causa para conceder la prórroga por parte del tribunal de instancia, en ausencia de abuso de discreción, debe deducirse de su negativa a imponer la sanción de desistimiento con perjuicio. *Banco Metropolitano v. Berríos, ibid,* a las págs. 724-725.

En el presente recurso, los peticionarios no han demostrado que el tribunal de instancia hubiese abusado de su discreción en la concesión de la prórroga del término para emplazar. Alegan que Naranjo no solicitó una prórroga sino que tan sólo solicitó permiso para emplazar por edictos fuera del término reglamentario de seis meses. Nos parece que la distinción que

intentan hacer los peticionarios no tiene mérito alguno, pues la solicitud de prórroga está implícita en la solicitud para emplazar por edictos fuera del término y en la misma Naranjo alegó afirmativamente justa causa para no haber diligenciado el emplazamiento dentro del término de seis meses.

Plantean también DCA y Pacheco que los emplazamientos diligenciados no debieron ser convalidados por el tribunal de instancia ya que el Secretario Auxiliar del Tribunal les tachó el juramento. La consecuencia, a su parecer, es que los emplazamientos no son admisibles en evidencia por no estar debidamente juramentados.

Consideramos que esta actuación de un funcionario del Tribunal no tiene el efecto que proponen los peticionarios. En primer lugar, tan sólo uno de los emplazamientos tiene su juramento tachado. Por tanto, aun cuando tuvieran razón en su contención, dicho razonamiento aplicaría tan sólo a uno de los emplazamientos. En segundo lugar, de la minuta de la vista celbrada el 13 de noviembre de 1992 surge que no se presentó prueba alguna que justificara que el mismo fuera invalidado. Por ello, el tribunal de instancia permitió la utilización de dichos emplazamientos al no acreditarle efecto alguno a la tachadura del juramento.

Por tanto, no encontramos que haya errado el tribunal de instancia al darle validez a dichos emplazamientos.

### Segundo y Tercer error:

Los peticionarios arguyen también que erró el tribunal de instancia al permitir la sustitución de Naranjo Sales, Inc. por Empresas Naranjo, Inc., pues esta última no posee capacidad jurídica al no ser una corporación debidamente registrada en el Departamento de Estado. Consecuencia de ello, según los peticionarios, es que no se interrumpió el término prescriptivo de un año para interponer la demanda de embargo ilegal en su contra por lo que la demanda está prescrita.

No se trata de una verdadera sustitución de partes, ya que no se intentó traer una parte nueva al pleito que no hubiese comparecido anteriormente al mismo, sino que el tribunal autorizó a la demandante a enmendar el nombre con el cual había sido denominada erróneamente.

No les asiste la razón a los peticionarios cuando plantean que la presentación del pleito a nombre de Empresas Naranjo, Inc., nombre erróneo con el cual se denominó a Naranjo, no interrumpió el término prescriptivo en el presente caso. Esa denominación errónea no produce ningún efecto en contra de la realidad de que este pleito ha sido llevado en todo momento por la parte interesada, la *"que por ley [tiene] el derecho que se reclama"*. 32 L.P.R.A. Ap. III, R. 15.1.4 Máxime cuando se trata de las mismas partes del caso de cobro de dinero en que se efectuó el embargo que dió lugar al pleito de daños y perjuicios objeto de este recurso.

Es de aplicación a este caso el razonamiento consignado en *Colón Gandía v. Tribunal Superior*, 93 D.P.R. 225, 231-232 (1966), a los efectos de que:

*"Bajo el poder conferido por la Regla 4.9 (...), los tribunales, en el uso de su discreción, pueden ordenar que se enmiende un emplazamiento o citación **a fin de ajustarlo a la realidad, cuando se trata de situaciones en que se ha consignado en forma inapropiada el nombre de la persona** que realmente se desea demandar. Esas situaciones, se ha resuelto, deben ser consideradas como **meros errores técnicos** especialmente si se ha emplazado en realidad a la persona que se tiene interés en demandar o su agente autorizado. M. Lowestein & Sons Inc. v. American Underwear Mfg. Co. Inc., 11 F.R.D. 172 (1951); Robbins v.*

*Nagelberg et al, 8 F.R.D. 36 (1948); Grandey v. Pacific Indemnity Company, 217 F.2d 27 (1954); United States v. A.H. Fisher Lumber Co., 162 F.2d 872 (1947); Barron & Holtzoff, Federal Practice and Procedure, T.I, sec. 186, pág. 748; Moore's Federal Practice, T.2, sec. 4.44, pág. 1295.*

*Se ha decidido que siempre que la enmienda solicitada no tenga el efecto de sustituir o incluir partes nuevas al procedimiento que no han sido emplazadas y sobre las cuales el tribunal no ha adquirido jurisdicción, y cuando no haya duda alguna en cuanto a la intención del demandante respecto a la persona que se ha tenido interés en demandar, habiéndose emplazado efectivamente a dicho demandado o su agente autorizado al efecto, actúa correctamente un tribunal al permitir la enmienda para corregir el nombre de dicho demandado.* " (citas omitidas)

Igualmente está consagrado en la Regla 13.3 de Procedimiento Civil, 32 L.P.R. Ap. III, R. 13.3, sobre retroactividad de las enmiendas, que:

*"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si, en adición a cumplirse con el requisito anterior, y dentro del término prescriptivo, la parte que se trae mediante enmienda (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra."*

Por todo ello, actuó correctamente el tribunal de instancia al concederle a Naranjo término para corregir el error en la denominación como parte demandante en el epígrafe de la demanda y negarse a desestimar el pleito, ya que ciertamente la demanda fue interpuesta oportunamente.

### Cuarto error:

Por último, Pacheco alega que la reclamación en su contra debe ser desestimada pues la acción en cobro de dinero que dió lugar a la presente demanda fue presentada por DCA únicamente. Por consiguiente, sostiene Pacheco, cualquier reclamación que pudiera haber surgido como consecuencia del embargo realizado en aquella acción es responsabilidad exclusiva de DCA como corporación y no de Pacheco en su carácter personal. Plantea Pacheco que Naranjo no alegó en su demanda que la corporación fuera un *alter ego* suyo, por lo que la reclamación en su contra debía ser desestimada. No le asiste la razón.

La Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, concede a la parte demandada la oportunidad de solicitar la desestimación del pleito en su contra cuando de la propia demanda surja que en la misma no se expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico,* ___ D.P.R. ___ (1994), **94 J.T.S. 144,** a las págs. 430-431.

Al considerar una moción de desestimación, *"...el tribunal debe tomar como ciertos los hechos bien alegados en la demanda y al ejercer su discreción debe hacerlo de la manera más favorable para el promovido..." Rivera Flores v. Compañía ABC,* ___ D.P.R. ___ (1995), **95 J.T.S. 22**, a la pág. 673. La moción de desestimación se declarará con lugar únicamente *"...si el promovente no tiene derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en el juicio." Granados Navedo v. Rodríguez Estrada I,* 124 D.P.R. 1, a la pág. 49. *Candál v. C.T. Radiology Office Inc.,* 112 D.P.R. 227, 230-231 (1982); *Dobbins v. Hato*

*Rey Psychiatric Hospital*, 87 D.P.R. 30, a la pág. 32 (1962).

Un tribunal que intenta resolver una moción de desestimación debe tomar en consideración que el propósito de las alegaciones de una demanda es *"...notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes."* Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico, supra, a la pág. 431.

Para dictar sentencia sobre una moción de desestimación que aduzca como fundamento la insuficiencia de hechos, el tribunal debe estar totalmente convencido que ninguna enmienda posterior de la demanda podría subsanar la exposición de hechos insuficientes. En caso de duda, la misma debe ser resuelta a favor del alegante, y concederle derecho a enmendar sus alegaciones, ya que cualquiera aplicación mecánica de esta regla podría defraudar los fines de la justicia. *Rodríguez v. Tribl. Mpal. y Ramos,* 74 D.P.R. 656, a la pág. 655 (1953).

Una interpretación liberal de la demanda enmendada presentada por Naranjo en este caso nos impide intervenir con la determinación del tribunal de instancia. A pesar de que de la faz de la demanda no surge con claridad que la deuda sea una personal, tomada en conjunto con las alegaciones específicas de la demanda contra coparte presentada por la fiadora y de la Oposición a la Moción de Desestimación presentada por Naranjo, surgen suficientes y claras alegaciones para concluir que se exponen hechos que podrían sostener una reclamación personal contra Pacheco, de Naranjo presentar prueba a tales efectos. En todo caso, es preciso recordar que las alegaciones de una demanda deben ser expuestas de manera suscinta y sencilla de forma tal que se demuestre el derecho de la parte a la concesión de un remedio, 32 L.P.R.A. Ap. III, R. 6; así como *"...la política judicial de que los casos se ventilen en sus "méritos"* PFZ Properties Inc. v. General Accident Insurance Company, P.R.Ltd., ___ D.P.R. ___ (1994), **94 J.T.S. 116**, a la pág. 127; *Rivera Santana v. Superior Packing*, 133 D.P.R. ___ (1992), **92 J.T.S. 165**, a la pág. 10163. Por todo ello, es forzoso concluir que el tribunal de instancia no erró al denegar la desestimación de la demanda por dicho fundamento.

Es preocupante el trámite procesal habido en este caso, que no aparenta tener demasiados hechos en controversia ni controversias complicadas de derecho. Por ello, es el caso apropiado para que el tribunal de instancia cite a las partes y organice los trámites que faltan con fechas límites, bajo apercibimiento de sanciones, para que se pueda tramitar este caso en una forma justa, rápida y menos costosa posible. Véase la Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.1.

## III

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 30

**1.** El nombre de la esposa de Pacheco fue aclarado con posterioridad a la radicación de la demanda, sin embargo ésta nunca ha sido emplazada y ninguna de las partes se refiere a la misma como demandada en el pleito en esta etapa de los procedimientos, sino tan sólo en escritos presentados al inicio del proceso.

**2.** Las cuatro mociones de desestimación se refieren a los cuatro errores imputados al tribunal de instancia y que serán discutidos a continuación.

**3.** Este caso ha sido citado con aprobación en numerosas ocasiones. Véase *In re: Fernández Torres,* 122 D.P.R. 859, 860 (1988); *Lluch v. España Service Sta.,* 117 D.P.R. 729, 747 (1986); *Ostolaza v. F.S.E.,* 116 D.P.R. 700.

703 (1985); *Lugo v. Municipio de Bayamón,* 111 D.P.R. 679, 680-681 (1981).

4. *"15.1. Parte interesada. Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo, o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho."*