84

Joe Enrique DE JESUS ADORNO,
et al., Plaintiffs,

v.

BROWNING FERRIS INDUSTRIES OF
PUERTO RICO, INC., Defendant.

Civil No. 97–1091(JP).

United States District Court,
D. Puerto Rico.

July 24, 1997.

Jaime F. Agrait Llado, San Juan, PR, for plaintiffs.

Ana Maria Ramirez Legrand, San Juan, PR, for defendant.

### ORDER

PIERAS, Senior District Judge.

The Court again has before it defendant's Motion to Dismiss (**docket No. 10**), this time supported by briefs addressing the issue of whether a lawsuit filed in Commonwealth court against Browning Ferris Industries, Inc., as opposed to Browning·Ferris Industries of Puerto Rico, Inc., served to toll the statute of limitations.

The defendant asks the Court to dismiss the case with respect to the injured party's wife and the conjugal partnership between them as time barred under P.R. Laws Ann. tit. 31, § 5298. The plaintiffs have responded explaining that they filed a complaint in commonwealth court on October 24, 1996, within one year of the accident that forms the basis of this action.[1] Therefore, the plaintiffs continue, the statute of limitations was tolled until they requested and received a voluntary dismissal of their complaint in commonwealth court.

As the Court noted in its Order of June 13, 1997:

The Puerto Rico courts have addressed the issue of prescription often and extensively. *See generally Rodríguez Narváez v. Nazario,* 895 F.2d 38 (1st Cir.1990). The Court believes that in the instant action, the filing of a Commonwealth court action would toll and restart the period of limitations. See 31 P.R. Laws Ann. tit. 31, § 5303; *Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 P.R.R. 602, 606 (1980). Moreover, the tolling with respect to one jointly and severally liable defendant tolls with respect to all jointly and severally liable defendants. *Rodríguez Narváez,* 895 F.2d at 43. However, the period will only be tolled with regard to identical causes of action. *Id.*

---

1. The accident occurred on October 29, 1995.

Although the plaintiffs did bring suit in local court, the question before the Court is complicated by the fact that the named defendant in that case was not the named defendant in the present case. The commonwealth action was made against Browning Ferries [sic] Industries, not against Browning–Ferris Industries of Puerto Rico, Inc. Neither the named defendant in that case, nor Browning Ferris Industries of Puerto Rico, Inc., were served with the complaint in the commonwealth case.[2]

The plaintiffs argue that the Puerto Rico Rules of Civil Procedure permit the filing of complaints against defendants whose exact name or identity is unknown at the moment of the filing of the complaint, and that such a complaint, designating a defendant whose identity is not known through a fictitious name has the effect of tolling the statute of limitations against the unknown defendant. *Nuñez González v. Jiménez Miranda*, 122 D.P.R. 134, 139–145 (1988). The rule recognizes that it would be "unfair, by and large, to bar a tort action by the mere passage of time if a plaintiff, exercising due diligence, cannot ascertain the tortfeasor's identity." *Fragoso v. López*, 991 F.2d 878, 886 (1st Cir.1993). In the Commonwealth case, the plaintiffs named as defendants Browning Ferries [sic] Industries and its compañia de seguros (insurance company) "X", Fulano (John Doe), Mengano (John Roe), and Personas "A" a la "Z" (persons A through Z). The plaintiffs argue that under Nuñez *González*, the Court should find that the Commonwealth case, naming fictitious defendants, tolled the statute of limitations with respect to the defendant in the case at bar. The plaintiffs also cite several cases standing for the proposition that subsequent amendment of a complaint, where the plaintiff obviously had in mind suing the defendant that it did sue, but made a mistake as to the defendant's name, will relate back to the date of the initial complaint so as to avoid prescription problems. These cases are *Colón Gandía v. Tribunal Superior*, 93 D.P.R. 225, 232 (1966); *Empresas Naranjo v. DCA Mechanical Contractors*, 95 DTA 30 (no date given); *see also*

*Peterson v. Sealed Air Corp.*, 902 F.2d 1232 (7th Cir.1990) (discussing analogous provisions of federal rules).

 The cases cited and arguments made by the plaintiff are not directly on point, but they are compelling in the following sense. The Court finds that the Puerto Rico tribunals have applied the statute of limitations so as to achieve an equitable balance between foreclosing a plaintiff's cause of action merely because the plaintiff did not know the identity of the appropriate defendant on the one hand and, on the other hand, allowing the plaintiff to bring an action against a defendant first notified of the suit long after the incident giving rise to the suit took place. The purpose of a statute of limitations is to prevent suits based on incidents that took place so far back in time that the defendant will be prejudiced due to difficulty of finding witnesses and evidence that have disappeared or whose memory has faded. In other words, the idea is to require plaintiffs to timely notify defendants of the potential that a suit will be filed, thus allowing defendants to find and preserve evidence and witness' memories. Balanced against the concern that defendants receive notice in a timely manner is the concern that plaintiffs should not be prevented from bringing suit even though they have not failed to exercise diligence in determining the identity of the defendant. The Supreme Court of Puerto Rico has attempted to strike a balance between the two concerns. In order to do this, the Court has relied on the actions of the plaintiff when addressing prescription—the basis of prescription is inactivity that demonstrates an intent not to pursue the cause of action, and it can be interrupted by an unequivocal demonstration of intent to utilize the cause of action. *Garcia Aponte v. Commonwealth of Puerto Rico*, RE–93–328 (1994). In other words, if the plaintiff manifests an intention to sue, that manifestation will generally suffice to toll the statute. But that rule too has its limitations, for there might come a point when the Court would not allow the technique utilized by the plain-

2. The Court requested the plaintiffs to include proof of service in the Commonwealth case. The plaintiffs did not, and the defendant states that service was never made. From this, the Court must accept that service was never made in the Commonwealth suit.

tiff in this case to toll the statute of limitations. For example, if the plaintiffs filed a suit against "John Doe" every year for six years, renewing the prescription period each time against any and all later identified defendants, the Court would likely find that the statute of limitations had run. *See Fragoso,* 991 F.2d at 886–887 (some due diligence required on the part of the plaintiff to ascertain the identity of the tort feasor). That is so because allowing the repeated filing and voluntary dismissal of suits to toll the statute of limitations would be unfair to the defendants—it would allow the exception to swallow the rule. In other words, where the plaintiff does not demonstrate due diligence in determining the defendant's identity, even if the plaintiff manifests an intent to use the cause of action, the balance weighs in favor of protecting the defendants.

In the case at bar, we have no problem finding that the plaintiffs case should not be barred by the statute of limitations. First, the delay was not long—the suit was filed on January 23, 1997, less than six months after the statute of limitations would have run, and the complaint was served on the defendant on March 7, 1997. In fact, had the plaintiffs timely filed their case in this Court initially—i.e. before October 29, 1997—they would have had until the end of February to serve the defendant. In other words, the defendant has hardly been prejudiced by the short delay in this case. Moreover, the plaintiffs have not completely failed to demonstrate diligence. Although the plaintiffs should have been more careful in finding out the true identity of the proper defendant, mistaking Browning Ferris Industries, Inc. for Browning Ferris Industries of Puerto Rico, Inc. is understandable. For the reasons set forth above, the Court hereby **DENIES** the defendant's Motion to Dismiss.

IT IS SO ORDERED.