Dilcia OCASIO–BERRIOS,
et al. Plaintiffs,

v.

BRISTOL MYERS SQUIBB,
et al. Defendants.

Civil No. 98–2071(JP).

United States District Court,
D. Puerto Rico.

Oct. 26, 1999.

María S. Kortright–Soler, San Juan, PR, for plaintiffs.

James D. Noel, María Antongiorgi, McConnell Valdés, San Juan, PR, for defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION AND BACKGROUND

The Court has before it Defendant Bristol Myers Squibb Puerto Rico Inc.'s Motion for Summary Judgment Dismissing Claims of Juan Vélez Albarrán, Mónica Vélez Ocasio, and Juan Vélez Ocasio (**docket No. 54**), Plaintiffs' Opposition thereto (docket No. 61), and Defendant's Reply (docket No. 67).

Plaintiff Dilcia Ocasio Berríos ("Ocasio"), her husband, Juan Vélez Albarrán ("Vélez"), and their children, Mónica Vélez Ocasio ("Mónica") and Juan Vélez Ocasio ("Juan"), filed an Amended Complaint on December 3, 1998 against Defendant Bristol Myers Squibb Puerto Rico, Inc., Ocasio's former employer. Co–Plaintiff Ocasio raises several causes of action for age discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") and Puerto Rico Act No. 44 of July 2, 1985, P.R.Laws Ann. tit. 1, § 501, et seq. ("Act 44"); for gender-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, ("Title VII"); and for unjust dismissal under Puerto Rico Act No. 80 of May 30, 1976, P.R.Laws Ann. tit. 29, §§ 185(a), et seq. ("Act 80"). Plaintiffs Vélez, Mónica, and Juan (collectively, "Co–Plaintiffs") also bring a cause of action in tort, which is the object of the instant Opinion and Order.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment serves to "assess the proof in order to see whether there is a genuine need for a trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). Under Rule 56(c) of the Federal Rules of Civil Procedure, a summary judgment is in order when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz*, 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact."); *Goldman v. First National Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Insurance Co. v. Benner*, 980 F.2d 23, 25 (1st Cir.1992). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a summary judgment motion, the movant, in this case the defendant, bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the defendant does not bear the burden of proof at trial, as is the case here, it must show that no reasonable fact-finder could find that the plaintiff has established the requisite elements of its claim. *Id.* at 325, 106 S.Ct. 2548. After the defendant passes this hurdle, the burden shifts to the plaintiff, who may not "rest upon mere allegations or denials of . . . the pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Goldman,* 985 F.2d at 1116; *see Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

## III. UNCONTESTED FACTS

The Motion at bar addresses the issue of whether or not Co–Plaintiffs' action should be dismissed as time barred. Therefore, the Court shall briefly set forth the factual details leading up to Plaintiffs' Complaint, and shall focus on the facts regarding timeliness.

Bristol Myers Squibb Puerto Rico, Inc. is a legally formed corporation organized under the laws of Delaware and duly authorized to do business in Puerto Rico. Plaintiff Ocasio worked for this company as a Trade Sales Representative, from 1988 until May 28, 1997, when she was discharged from her employment.

In representation of Co–Plaintiffs, María S. Kortright Soler, Esq., sent a letter dated May 15, 1998, to the President of Bristol Myers Squibb and to Clotilde Mena, Human Resources Officer of Bristol Myers Squibb Puerto Rico, Inc, demanding compensation for the damages caused to them as a result of the company's discharge of Ocasio. Both letters were sent to the same address in Puerto Rico, P.O. Box 364707 San Juan, Puerto Rico 00936–4707. Defendant does not suggest that such address is incorrect or not its own. Therefore, the Court proceeds as if such address is Defendant's address. The return receipts pertaining to these two certified letters were signed by an agent of the addressee, whose signature is illegible. The Court notes that while only one of the two return receipts is dated, because Defendants have not discussed the date of receipt of the undated letter, the Court shall assume both letters were received on the date claimed, May 19, 1998.

Although the two letters are addressed to different people at the same address, one being the President of Bristol Myers Squibb [1] and the other Clotilde Mena, Human Resources Officer, their content is identical. Ms. Kortright Soler writes "in representation of" Co–Plaintiffs and states that:

[t]he purpose of this letter is to demand from Bristol Myers Squibb the amount of FOUR HUNDRED THOUSAND DOLLARS as compensation for the suffering, pain, anguish, stress, loss of enjoyment of life and general loss of well being and normal life due to the illegal and discriminatory discharge of Mrs. Dilcia Ocasio. In the particular case of Mrs. Ocasio, her salary was a significant component of the family's monthly income and, thus, the discharge seriously and negatively affected all the members of the family. . . . Mr. Vélez and his children's rights are based upon Article 1802 and 1803 of the Civil Code of Puerto Rico and the purpose of this letter is not only to demand such payment but also to unequivocally warn and advise you that a judicial claim will be filed

---

1. The Court notes that although the greeting of the President's letter reads "Dear Mrs. Mena," the body of the letter as well as the addressee refers to being the President of Bristol Myers Squibb. Therefore, the Court shall proceed under the assumption that such greeting was a clerical error.

against Bristol Myers Squibb, and any other person who acted against or in relation to the illegal and discriminatory conduct that resulted in Mrs. Ocasio's discharge should you not consider our extrajudicial demand.

Normally the statute of limitations for actions under Articles 1802 and 1803 have to be filed within one year of the occurrence of the event which has caused the damages but such period can be interrupted with an extrajudicial demand for compensation. If you do not consider our demand for compensation, please be advised that the statute of limitations period will commence to run anew.

(Pl's Ex. F & G).

Ocasio filed a Complaint with this Court on September 18, 1998, claiming that she was discriminated against by Bristol Myers Squibb for being a woman and disabled. In that Complaint, the Defendant was identified as Bristol Myers Squibb. The Complaint, however, was amended, to include the full name of Bristol Myers Squibb Puerto Rico, Inc. At all relevant times, Plaintiffs were aware that Ocasio's employer was Bristol Myers Squibb Puerto Rico, Inc.

Besides using the name under which it appears incorporated, Bristol Myers Squibb Puerto Rico, Inc. referred to itself in several documents with different names, including: "Bristol Myers Squibb [2];" "Bristol–Myers Squibb [3];" "Bristol–Myers Squibb Company [4];" "Bristol–Myers Squibb Puerto Rico [5];" and "Bristol–Myers Squibb Company Puerto Rico [6]."

At all relevant times, and, at least, up to the date of the filing of the Complaint, Co–Plaintiffs Mónica and Juan were minors.

## IV. DISCUSSION

Bristol Myers Squibb Puerto Rico, Inc. argues that the Court should dismiss Co–Plaintiffs' action in tort as time-barred because Co–Plaintiffs never sent it a letter which would toll the running of the statute of limitations as an extrajudicial claim, but rather, sent a letter to its parent company Bristol Myers Squibb Company. Therefore, because the letter was addressed to the wrong corporate entity, Defendant contends that Co–Plaintiffs' cause of action in tort should be dismissed. Co–Plaintiffs disagree stating that two of the three Co–Plaintiffs are minors, and therefore, their period of limitations starts to run when they the reach legal age of 21. Further, Co–Plaintiffs argue that Defendant has adopted different names in its dealings with employees, and therefore, Bristol Myers Squibb and Bristol Myers Puerto Rico, Inc. refer to the same entity.

The Court notes that Mónica and Juan were minors at all relevant times narrated in the Complaint and at the time the Complaint was filed. In Puerto Rico, statutes of limitations do not run against minors until they reach the legal age of 21. *See De Jesús v. Chardón,* 116 D.P.R. 238, 250–54 (1985); *Márquez v. Superior Court,* 85 P.R.R. 536 (1962) (stating that, even if represented by a parent, statute of limitations does not run against a minor plaintiff); *see also* P.R.Laws Ann. tit. 32, § 254(1). Therefore, Mónica and Juan's claims in tort are not time-barred and will not be dismissed. In view of this conclusion, the Court shall consider whether or not Co–Plaintiff Vélez's claim in tort is time-barred.

Defendant states that because the letters, which Co–Plaintiffs sent to Clotilde Mena and Bristol Myers Squibb's President, were not addressed to the correct defendant, they do not constitute an extra-

---

**2.** Plaintiffs' Ex. D1 & D2

**3.** Plaintiffs' Exhibit K

**4.** Id.

**5.** Id.

**6.** Id.

judicial claim and, therefore, cannot toll the running of the statute of limitations. The relevant claim involves a cause of action in tort under Article 1802 of the Puerto Rico Civil Code. Article 1868 of the Puerto Rico Civil Code, P.R.Laws Ann. Tit. 31, § 5298, provides that the statute of limitations applicable to actions based on the local general tort statute is one year.

Despite this limitations period being one year, Article 1873 of the Puerto Rico Civil Code lists three ways to toll the limitations period, to wit: by the institution of the claim before the courts, by an extrajudicial claim by the tort creditor, and by any act of acknowledgment of the debt by the debtor in tort. *See Kery v. American Airlines, Inc.,* 931 F.Supp. 947, 951 (D.Puerto Rico 1995). As in *Kery,* the Court is concerned with the second method of interruption: an extrajudicial claim by the creditor in tort.

■ In order for an extrajudicial claim to toll a running period of limitations several requirements must be met. First, the extrajudicial claim must be presented inside the period of limitations. *See id.* at 952 (citing GUILLERMO OROZCO PARDO, LA INTERRUPCIÓN DE LA PRESCRIPCIÓN EXTINTIVA EN EL DERECHO CIVIL 156 (1986)). Second, the person who makes the extrajudicial claim must be the "holder of the substantive right or . . . his [or her] legal representative." *Id.* Third, the extrajudicial claim must "require or demand the same conduct or relief ultimately sought in the . . . lawsuit." *Id.* (citing *Cintrón v. Commonwealth of Puerto Rico,* 90 JTS 128, 8232–33; *Rodríguez–Narváez v. Nazario,* 895 F.2d 38, 44 (1st Cir.1990)). Fourth, the extrajudicial claim must be "precise and specific," so as to let the debtor know that he or she wishes not to lose the right claimed. *See id.* Finally, the claim must be addressed to and received by the debtor in tort and not a third party. *See id.* (citing *Velilla v. Pueblo Supermarkets,* 111 D.P.R. 585, 587 (1981)).

The Court finds that except for the final requirement regarding receipt, all steps necessary to toll are clearly met with Ms. Kortright Soler's letters. First, such letters were presented to Bristol Myers Squibb on May 19, 1998. Because Co-Plaintiffs seek to recover for the damages caused due to Ocasio's May 28, 1997 discharge, the letters were received within the one year period of limitations and are, therefore, timely. Second, the person who wrote and signed the letters was Ms. Kortright–Soler, Co-Plaintiffs' legal representative. Third, the text of the letters clearly and specifically sets forth Co–Plaintiffs' cause of action in tort and is worded so as to inform its addressee of Co–Plaintiffs' intent not to lose their cause of action.

■ The Court finds, however, that determining whether or not the addressee was the debtor or the passive subject of the right is a more complex issue, particularly because, despite being sent to the correct mailing address, the letters were sent to Bristol Myers Squibb, not Bristol Myers Squibb Puerto Rico, Inc. The Puerto Rico Supreme Court has stated that, in general terms, in order for an extrajudicial claim to toll a running period of limitations, it must be addressed to the debtor or passive subject and that claims received by third parties will not interrupt the period of limitations. *See Velilla v. Pueblo Supermarkets,* 111 D.P.R. 585, 587 (1981). Therefore, the central question in the Court's analysis is whether Co–Plaintiff's letter were sent to the debtors in tort.

In *Velilla,* the plaintiff had contacted defendant, who referred her to the insurance company to which plaintiff sent her letter making an extrajudicial claim. Despite the defendant's knowledge that the insurance company to which it referred plaintiff was not representing it, defendant did not tell plaintiff. The Supreme Court noted that a good faith requirement permeates all legal activity, and, therefore, the lack of such good faith constitutes an impediment to raising the defense of prescription. *See id.* at 587–588. Further, the Supreme Court held that defendant

was estopped from raising such defense as it was defendant that lured plaintiff to address the insurance company.

■■ Although the facts in this Complaint are not as egregious as those exhibited in *Velilla*, such case is applicable to the case at bar. Defendant sent Plaintiff documents which did not include its correct corporate name, instead using derivative names such as Bristol Myers Squibb, and the like. As demonstrated by the *Velilla* decision and its progeny, the underlying purpose of a statute of limitations is to

> prevent suits based on incidents that took place so far back in time that the defendant will be prejudiced due to the difficulty of finding witnesses and evidence that have disappeared or whose memory has faded. In other words, the idea is to require plaintiffs to timely notify defendants of the potential that a suit will be filed, thus allowing defendants to find and preserve evidence and witness[es'] memories.

*De Jesús Adorno v. Browning Ferris Industries of Puerto Rico, Inc.*, 972 F.Supp. 84, 85 (D.Puerto Rico 1997) (Pieras, J.). In *De Jesús Adorno*, the Court determined whether a suit brought in commonwealth court against incorrectly named Browning Ferries Industries, rather than Browning–Ferris Industries of Puerto Rico, Inc., would toll the statute of limitations for a subsequent federal court action. The Court emphasized the purpose of prescription, namely "inactivity that demonstrates an intent not to pursue the cause of action, [which] can be interrupted by an unequivocal demonstration of intent to utilize the cause of action." *Id.* (citations omitted). Although the Court notes that the *De Jesús Adorno* decision addressed the tolling by a judicial claim, not an extrajudicial claim, its reasoning is applicable to the case at bar. The Court based its decision on whether or not the plaintiff demonstrated diligence in determining the defendant's identity. *See id.* at 86. In the instant case, although it is uncontested that Co-Plaintiffs knew the corporate name of Ocasio's employer, namely Bristol Myers Squibb Puerto Rico, Inc., and that the return receipts and letters refer to defendant as Bristol Myers Squibb, it is uncontested that plaintiff sent its letters to the correct address. Further, one of the letters was sent to Clotilde Mena, the human resources officer for Bristol Myers Squibb Puerto Rico, Inc.

In addition, at no point did Defendant display meticulous attention for its name to be stated correctly and in full. Numerous documents on the record sent by Defendant appear with names different from Bristol Myers Squibb Puerto Rico, Inc. Thus, the Court finds that the fact that Co–Plaintiffs sent their extrajudicial claims to the correct addresses in Puerto Rico is sufficient to meet the prong of having the claim addressed to the debtor. Furthermore, it is uncontested that Defendant's officers received the letters in Puerto Rico. Therefore, the correct defendant received notice, and its argument that the letters were sent to its parent company, which presumably is not in Puerto Rico given that the company is incorporated in Delaware, is not compelling.

In view of the above, the Court, as in *De Jesús Adorno*, determines that naming Defendant Bristol Myers Squibb as the addressee, rather than Bristol Myers Squibb Puerto Rico, Inc., is not only understandable in view of the relation of the "parent and subsidiary," but also because defendant used both names interchangeably and identified itself with other names, Defendant knew the claim was being made against it by the relatives of one of its employees. Therefore, Co–Plaintiffs' extrajudicial claim tolled the statute of limitations clock for their actions in tort. Therefore, the Court hereby **DENIES** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED AND ADJUDGED.**