**Angel R. DE LEON OTERO, et al. Plaintiffs, Appellants,**

v.

**Maria L. RUBERO, et al. Defendants, Appellees.**

**No. 86-1707.**

United States Court of Appeals, First Circuit.

Argued Feb. 2, 1987.

Decided June 8, 1987.

Maximiliano Trujillo, Hato Rey, P.R., was on brief, for plaintiffs, appellants.

Carlos del Valle with whom Ramírez & Ramírez, and Hon. Héctor Rivera Cruz, Secretary of Justice, Hato Rey, P.R., were on brief, for defendants, appellees.

Before COFFIN, TORRUELLA and WISDOM,[*] Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from an order of the District Court of Puerto Rico granting dismissal of an action barred by the statute of limitations. Plaintiff appeals, urging that under the doctrine of continuous tort the action was not time barred.

Appellant was a teacher and coordinator of evaluation in the Department of Instruction until August, 1982, when defendant Rubero, the school district superintendent, "stripped him of all his functions" as coordinator of evaluation. Despite appellant's protests, in October, 1984, Rubero appoint-

[*] Of the Fifth Circuit, sitting by designation.

ed another coordinator. Plaintiff then appealed to the Board of the Personnel Administration System, and in July, 1985, the Board ordered that plaintiff should be reinstated. Rubero refused to reinstate the plaintiff and avoided doing so until January, 1986. One month later plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 for political discrimination in his employment. Defendants responded with a motion to dismiss, alleging that plaintiff's action was barred by the one year statute of limitations applicable under Puerto Rico law for alleged violations of First Amendment rights, P.R.Laws Ann. tit. 31, § 5298(2) (1968). *See Fernández v. Chardón*, 681 F.2d 42, 48 (1st Cir.1982). Defendants argued that the limitations period began running in August, 1982, the date plaintiff received notice of his demotion. The district court granted the unopposed motion summarily.

Appellant agrees that the applicable statute of limitations is one year. He does not agree, however, on when it began to run. Appellant argues that this action is based on a continuous pattern of harassment and discrimination, rather than a single triggering event. Defendant Rubero not only demoted him but then refused to speak to him or receive his calls and would not reinstate him after the Board's decision. Appellant contends that these are "subsequent acts" which constitute a continuing violation of his civil rights.

"A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination." *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979). In *Velázquez v. Chardón*, 736 F.2d 831, 833 (1st Cir.1984), this court held that a demotion, followed by defendants' repeated refusals to reinstate the plaintiffs, did not constitute a continuing violation. Similarly, the plaintiff here has "confuse[d] a continuing act with a single act [his demotion] that has continuing consequences." *Altair Corp. v. Pesquera de Busquets*, 769 F.2d

30, 32 (1st Cir.1985). The defendants' refusal to reinstate him after the Board's favorable decision was not a separate act of discrimination, but rather a consequence of his initial demotion. As in *Chardón,* plaintiff's unsuccessful attempts to regain his lost position are not a separate civil rights violation. We agree with the district court that plaintiff's action is time-barred.

■ Plaintiff also argues that the district court erred in ruling on the motion to dismiss without plaintiff's opposition brief. Under Rule 311.5 of the Rules of the U.S. District Court for the District of Puerto Rico, plaintiff had ten days after service of the motion to file his response. The district court did not rule on the motion until three weeks after it was filed and plaintiff had made no response as yet. Plaintiff's argument is frivolous and also is mooted by our decision on the merits.

Accordingly, we *affirm.*