May 07, 1993

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2165

MARIA DE LOS ANGELES-SANCHEZ,

Plaintiff, Appellant,

v.

CARLOS ALVARADO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

Juan G. Nieves Cassas for appellant.

Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle

Rodriguez, Solicitor General, and Reina Colon de Rodriguez, Deputy

Solicitor General, were on brief for appellee.

COFFIN, Senior Circuit Judge. This appeal arises from

plaintiff Maria Sanchez's claim that Omar Santiago sexually

harassed her and that their employer condoned his behavior. The

district court dismissed the suit as time-barred. We vacate and

remand.

I.

In 1988, Sanchez was employed at the Puerto Rico Electric

Power Authority (PREPA). She alleged that from September 1988

for a period of approximately two years, Santiago, a fellow PREPA

employee, harassed her sexually. The harassment included

invitations to dinner and to accompany Santiago to a motel, wolf

whistles, taunts, stalking, threats to harm her if Sanchez

complained of his behavior, and a threat against Sanchez's

boyfriend.

Sanchez lodged a number of complaints against Santiago. In

November 1988, Santiago met with his supervisor regarding

Sanchez's complaints. He denied any wrongdoing. Sanchez filed

complaints with the Equal Employment Opportunity Office (EEOC) of

PREPA in December 1988 and May 1989. In July 1989, an EEOC

officer allegedly attempted to persuade Sanchez to drop the

charges against Santiago and recommended that she confront

Santiago on her own. At some point in 1989, PREPA issued

Santiago a warning to desist his behavior.

Nonetheless, Santiago continued to harass Sanchez, and she

filed a third EEOC complaint in April 1990. A drawn-out

investigation followed. On July 2, 1990, Sanchez submitted a

letter of resignation, effective July 20. She stated that

Santiago's offensive behavior, compounded by PREPA's failure to

discipline him, forced her to resign. On July 18, 1990, Sanchez

met a final time with an EEOC officer. She left PREPA two days

later.

On July 17, 1991, Sanchez filed suit against Santiago and

various other employees of PREPA (collectively "defendants"),

alleging violations of Title VII of the Civil Rights Act of 1964,

42 U.S.C. 1983, and the Puerto Rico Civil Code.1 The basis

for the suit was the sexual harassment, condoned by PREPA, that

culminated in her constructive discharge.

Defendants moved on various grounds to dismiss the suit.

The motion was referred to a magistrate judge, who recommended

that the Title VII claim be dismissed for Sanchez's failure to

comply with administrative filing requirements and that the

remaining claims proceed as timely filed. Defendants objected to

the latter recommendation. The district court agreed with

defendants and dismissed the entire complaint. Sanchez appeals

only that portion of the order dismissing the section 1983 and

tort claims as time-barred.

II.

We review the dismissal of plaintiff's suit under the

summary judgment standard because the district court relied on

1 Sanchez's sister Teresa also sued, claiming emotional
distress damages incurred from supporting Sanchez through her
ordeal. She was not, however, designated as an appellant in the
notice to appeal. Accordingly, she is not a party to the present
appeal. Pontarelli v. Stone, 930 F.2d 104, 108 (1st Cir. 1991).

-3-

material other than the pleadings to determine defendants' motion

to dismiss. The federal rules of civil procedure provide that,

on a motion to dismiss for failure to state a cause of action, if

"matters outside the pleading are presented to and not excluded

by the court, the motion shall be treated as one for summary

judgment and disposed of as provided in Rule 56 . . . ." Fed. R.

Civ. P. 12(b)(6). Defendants' motion to dismiss therefore was

converted to a motion for summary judgment.

Our review of summary judgment is plenary, and we read the

record in the light most favorable to the party contesting it.

Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993). We affirm

the decision below only if we are satisfied that there is no

genuine dispute of material fact and that defendants are entitled

to judgment as a matter of law. Advance Financial Corp. v. Isla

Rica Sales, Inc., 747 F.2d 21, 26 (1st Cir. 1984). We now

consider whether the district court erred in determining that

Sanchez's suit was time-barred as a matter of law.

The limitations period for a section 1983 claim is governed

by the law of the forum state. Wilson v. Garcia, 471 U.S. 261,

276, 280 (1985). In Puerto Rico, the applicable statute of

limitations is the one-year period established for tort actions.

P.R. Laws Ann., tit. 31, 5298(2); Torres v. Superintendent of

Police, 893 F.2d 404, 406 (1st Cir. 1990). Accordingly, to be

timely filed, Sanchez's section 1983 and tort claims must have

-4-

accrued within one year of July 17, 1991, the date she filed

suit.

The district court found that Sanchez filed her suit late.

Because Sanchez based her resignation on PREPA's failure to

address her complaints against Santiago, the court concluded that

the limitations period began on the date she learned that PREPA

would not act and that this date was July 2, 1990, the date she

tendered her resignation. It thus ignored evidence in the record

of events following that date.

Sanchez argues that the district court erred in finding that

the limitations period commenced July 2. She contends that PREPA

continued to refuse to discipline Santiago after that date. From

1988 through the date of her departure, Sanchez met with officers

of PREPA several times to seek redress but failed, allegedly

because of PREPA's ongoing policy not to discipline an employee

affiliated with the Popular Democratic Party. Her last bid for

action occurred July 18. Sanchez therefore asserts that, because

PREPA's unlawful practice continued until she left, the

limitations period did not begin to run until July 20.

A claim alleging a violation that occurs over an extended

period is timely so long as some of the challenged acts fall

within the statutory period. See Bruno v. Western Electric Co.,

829 F.2d 957, 960 (10th Cir. 1987); Goldman v. Sears, Roebuck &

Co., 607 F.2d 1014, 1018 (1st Cir. 1979). This claim will not be

saved, however, if only the consequences of the alleged violation

-5-

fall within the limitations period. De Leon Otero v. Rubero, 820

F.2d 18, 19 (1st Cir. 1987) (citations omitted).

We conclude that Sanchez has raised sufficient questions

regarding the continuation of PREPA's alleged violation to

preclude summary judgment for defendants at this preliminary

stage of the proceeding. After July 2, both Santiago's

supervisor and the director of human resources assured Sanchez's

supervisor that the investigation of her charges was still in

progress. Sanchez also met with the EEOC on July 18, in an

apparent last-ditch effort to determine whether relief could be

obtained. A factfinder could determine that these events

demonstrate foot-dragging by PREPA, consistent with Sanchez's

theory that it did not want to discipline Santiago, or that they

demonstrate that Sanchez could not be certain until after the

July 18 meeting that PREPA would not act. Based on this record,

we are persuaded that defendants have not shown that Sanchez's

suit is time-barred as a matter of law.2

Defendants rely heavily on Delaware State College v. Ricks,

449 U.S. 250, 257-58 (1980), to argue that Sanchez cannot

demonstrate a violation that continues past July 2. In our view,

however, this case is distinguishable from Ricks. The plaintiff

there was denied tenure in March 1974. Following its usual

practice, the college offered him a one-year terminal contract,

which expired in June 1975. In April 1975, Ricks filed a charge

2 Because we find that the district court was premature in
determining the accrual date of Sanchez's claims, we need not
discuss the issue of equitable tolling.

-6-

of discrimination with the EEOC. The Supreme Court held that the

filing was not timely because Ricks's claim accrued from the date

of the alleged discriminatory action -- the denial of tenure --

not from the date of actual termination, which was merely "a

delayed, but inevitable, consequence" of the unlawful action.

Id. at 257-58.

The Court placed great emphasis on the finality and

certainty of the college's decision to deny tenure, noting that

it capped an "unbroken array of negative decisions." Id. at 262.

No subsequent action by Ricks alone could secure tenure or

prevent his eventual departure. We therefore understand Ricks to

require that a decision to terminate employment must be

"unequivocal, and communicated in a manner such that no

reasonable person could think there might be a retreat or change

in position prior to the termination." See Hoesterey v. City of

Cathedral City, 945 F.2d 317, 320 (9th Cir. 1991).

By contrast, the letter of resignation from Sanchez lacked

such finality. Although Sanchez submitted her resignation on

July 2, she reserved 18 days for it to take effect. This waiting

period reasonably could indicate, as Sanchez avers, that if PREPA

ended the hostile atmosphere forcing her departure, she might

rescind her resignation. Thus, until she actually left her

employment, her constructive discharge was not certain.

We emphasize that our decision expresses no view upon the

merits of Sanchez's claims. On remand, she still must prove that

-7-

defendants refused to act and that they maintained this policy

during the limitations period.

Vacated and remanded. No costs.

-8-