USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1517 ROBERTO VIZCARRONDO, Plaintiff, Appellant, v. BOARD OF TRUSTEES OF THE UNIVERSITY OF PUERTO RICO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Roberto Vizcarrondo on brief pro se. ___________________ Gustavo A. Gelpi and Feldstein, Gelpi & Gotay on brief for __________________ __________________________ appellee Board of Trustees of the University of Puerto Rico. ____________________  December 8, 1997 ____________________ Per Curiam. Pro se plaintiff Roberto Vizcarrondo  ___________ ___ __ appeals a district court judgment that dismissed his claims for employment discrimination as time-barred. This court has thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the district court's judgment is correct. Plaintiff's allegations wholly fail to state a claim for a continuing violation. See, e.g., Morrison v. ___ ____ ________ Carleton Woolen Mills, Inc., 108 F.3d 420, 443 (1st Cir. ____________________________ 1997)); De Leon Otero v. Rubero, 820 F.2d 18, 19-20 (1st Cir. _____________ ______ 1987); Collins v. United Air Lines, Inc., 514 F.2d 594, 596 _______ ______________________ (9th Cir. 1975)(refusal to reinstate employee does not render initial violation a continuing one). Plaintiff has further failed to support his claim for equitable tolling. Accordingly, the judgment of the district court is summarily affirmed. See Local Rule 27.1.1 1 ________ ___  ____________________ 1As we conclude that the district court's dismissal was in 1 all respects correct on the merits, we need not resolve the appellees' contention that this court lacks jurisdiction over plaintiff's appeal. See United States v. Stoller, 78 F.3d ___ ______________ _______ 710 (1st Cir.), cert. dismissed, 117 S.Ct. 378 (1996).  _____ _________ -2-