Olga **RODRIGUEZ MONTALVO,** **et al., Plaintiffs,**

v.

**MUNICIPALITY OF ARECIBO,** **et al., Defendants.**

**Civil No. 98–1485 (JP).**

United States District Court, D. Puerto Rico.

Nov. 11, 1998.

José Martínez Custodio, Utuado, PR, for Plaintiffs.

Claudio Aliff Ortiz, Aldarondo & López Bras, Hato Rey, PR, for Defendants.

### *ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendants' Motion to Dismiss Due to Lack of Jurisdiction Over the Subject Matter (**Docket No. 17**) and Plaintiffs' Opposition to Defendants' Motion (**Docket No. 19**). Defendants argue that Plaintiffs' claims arising under 42 U.S.C. § 1983, ("section 1983"), the U.S. Constitution, and other local constitutional and statutory provisions, should be dismissed because they are time-barred. Plaintiffs respond that because Defendants' violations were continuous, the limitations period was suspended each time a separate and actionable event occurred. Thus, according to Plaintiffs, the statute of limitations period has yet to expire.

## II. FACTUAL BACKGROUND

Co–Plaintiff Olga I. Rodríguez Montalvo ("Rodríguez") is affiliated with the Popular Democratic Party ("PDP"). She has been working as an office clerk for the Municipality of Arecibo ("the Municipality") since approximately October 1986. During her tenure at the Municipality, neither her status nor her salary and benefits have been altered. In November 1996, Co–Defendant Angel Román Vélez ("Román"), who is affiliated with the New Progressive Party ("NPP"), was elected to a second term as Mayor of Arecibo.

On January 19, 1997, Rodríguez received a letter transferring her immediately from the Municipal Police Headquarters ("Headquarters"), where she had been working since 1990, to the Municipal Hospital. According to the letter, Rodríguez was being transferred because the Municipal Hospital required her services. In March 1998, Rodríguez asked the Municipality to reassign her to Headquarters. The Municipality reassigned her on April 7, 1998.

Plaintiffs allege that Defendants acted out of political animosity by transferring Rodríguez to the Municipal Hospital for no legitimate reason and with less than thirty days

notice as required by the Municipality's regulations. While at the Municipal Hospital, Plaintiffs aver that Rodríguez was assigned hardly any duties or responsibilities. Plaintiffs add that, even after her transfer back to Headquarters, Rodríguez was the subject of numerous acts of discrimination and was not assigned her usual duties. As a result of these conditions, on May 4, 1998 Plaintiffs, filed a Complaint with this Court pursuant to section 1983, the U.S. Constitution and other local constitutional and statutory provisions.

## III. DISCUSSION

Defendants argue that Plaintiffs' May 4, 1998 Complaint is time-barred because it was filed after the one year statute of limitations period had expired. According to Defendants, since Rodríguez's transfer to the Hospital took place on January 29, 1997, the statute of limitations began running on that date for all the events leading up to their claim and would expire on January 29, 1998. Plaintiffs disagree with Defendants as to the date of accrual of their action. Plaintiffs argue that their claim does not arise solely from Rodríguez's first transfer to the Municipal Hospital, but from the continuous pattern of alleged discriminatory acts committed by Defendants. (Pl.'s Opp'n to Def.'s Mot. at ¶ 7). Plaintiffs state that, upon being reassigned to Headquarters in April of 1998, Rodríguez "was not assigned her usual duties and she is still being subjected to discriminatory remarks." (Compl. at ¶ 17). For Plaintiffs, these acts constituted a continuous violation that suspended the running of the limitations period for all previous related actionable events, namely the January events.

### A) Section 1983

The Court must first determine the applicable statute of limitations for Plaintiffs' section 1983 claim. The Supreme Court has stated that even though actions under section 1983 are a matter of federal law, the length of the statute of limitations period, and closely related questions, are governed by state law. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). More specifically, the personal injury statute of limitations of the forum state governs section

1983 cases. *See Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Thus, this Court defers to the one year statute of limitations period for physical or emotional injuries under Puerto Rico law.[1] *See* P.R.Laws Ann. tit. 31 § 5298(2); *Chardon v. Fernandez*, 454 U.S. 6, 7, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (holding that claims under section 1983 were barred by the applicable one-year statute of limitations).

■ Having established that Plaintiffs had one year to file their claim, the Court must next determine the date when the statute of limitations began to run. Although the personal injury statute of limitations of the forum state governs in section 1983 actions, the date of accrual is determined based on federal law. *See Muniz–Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir.1994).

■ The limitations period in "a [section] 1983 case ordinarily starts when the plaintiff knows, or has reason to know of the harm on which the action is based." *See id.* at 610; *Muniz–Cabrero*, 23 F.3d at 610. Under that interpretation which coincides with Defendants' position, Plaintiffs' claim began to accrue on January 29, 1997, when Co–Plaintiff Rodríguez first learned of her transfer. Thus, Plaintiffs' section 1983 action would have expired one year after the January letter of transfer and would be time-barred. This issue, however, is not as simple as Defendants suggest.

■ Plaintiffs allege that the events at issue were so-called "continuing violations," and that Rodríguez is still the subject of political discrimination. "Although the limitations' clock generally starts with the commission of a discriminatory act, a true 'continuing violation' rewinds the clock·for each discriminatory act along the way." *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 183 (1st Cir.1989). Thus, under this interpretation, for each actionable event there is a different accrual date, and each action would expire one year after its commission.

■ The First Circuit has stated that to establish a continuing violation, the plaintiff " 'must allege that a discriminatory act·occurred· or that a discriminatory policy existed' within the period established by the statute." *Johnson v. General Electric*, 840 F.2d 132, 137 (1st Cir.1988) (quoting *Velazquez v. Chardon*, 736 F.2d 831, 833 (1st Cir.1984)). A continued violation may also take the form of serial violations, which are " 'composed of a number of discriminatory acts emanating from the same discriminatory animus, each constituting a separate actionable wrong'." *Muniz–Cabrero* 23 F.3d at 610 (quoting from *Jensen v. Frank*, 912 F.2d 517, 522 (1st Cir.1990)). To meet their burden, Plaintiffs must show that they have been harmed by a "discriminatory policy or practice and that such policy ·continues into the limitations period." *Id.* A continuing violation is not established if the complaint only demonstrates that Plaintiffs . continue to suffer from the continued effects of one discriminatory act. *See De Leon Otero v. Rubero*, 820 F.2d 18, 19 (1st Cir.1987); *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979). If Plaintiffs' action consists of only one event with subsequent effects that are not actionable in and of themselves, the accrual date is the date of the initial event. The Court finds that Plaintiffs' action is predicated on an alleged continuing violation. Rather than confusing " 'a continuing act with a single act [namely the original transfer] that has continuing consequences'," Plaintiffs point to two periods where allegedly actionable events occurred: (1) the transfer from Headquarters to the Municipal Hospital; and (2) the transfer back to Headquarters. *See De Leon Otero v. Rubero*, 820 F.2d at 19 (quoting *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30, 32 (1st Cir.1985). During both periods, Plaintiffs argue that Rodríguez was subject to political discrimination arising from a political animus against PDP supporters. Thus, for this reason, we find that this case is distinguishable from *Muniz–Cabrero* and *De*

---

1. In the same way, the Court applies the one year statute of limitations toward the claims arising under the U.S. Constitution. When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is consistent with federal law or policy to do so. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

*Leon.* In those cases, the First Circuit rejected Plaintiffs' claims as continuing violations because they failed to prove that the events that allegedly took place within the year prior to the filing of the complaint constituted "separate and actionable" events under section 1983. *Muniz–Cabrero* 23 F.3d at 611. In their Complaint, Plaintiffs claim that upon returning to Headquarters "Rodríguez was not assigned her usual duties and she [was and is] being subjected to discriminatory remarks." (Pl.'s Compl. at ¶ 17). Plaintiffs allege that these and other events are actionable under section 1983, the U.S. Constitution and Article 1802 of the Puerto Rico Civil Code. The Court agrees. The alleged events arising from Rodríguez's transfer back to the Municipal Hospital are not just the reaction of the first transfer. If Plaintiffs' claims are true, these events are separate and actionable acts. For this reason the Court finds that Plaintiffs' section 1983 action is not time-barred at least for the events related to the second transfer.

The Court must determine whether the events that occurred outside the year antedating the Complaint are timely. *See Sabree v. United Brotherhood of Carpenters and Joiners Local No. 33*, 921 F.2d 396, 401 (1st Cir.1990); *see Cajigas v. Banco de Ponce*, 741 F.2d 464, 470 (1st Cir.1984). In other words, the Court must decide if resetting the clock for Plaintiffs' claim for the transfer back to Headquarters, also resets the clock for the events that took place in January 1997. The First Circuit has yet to rule on the issue of "whether it is proper to reach back to discriminatory acts outside the limitations period." *Sabree v. United Brotherhood of Carpenters and Joiners Local No. 33*, 921 F.2d at 401. Other Circuits have held that if a Plaintiff has shown that discrimination continued into the actionable period, he or she may recover for those "portions of the persistent process of illegal discrimination that antedated the limitations period." *Id.* In determining whether a plaintiff can "reach back," she must prove that a "substantial relationship" existed between the timely events and the stale ones. The Court finds that there is a substantial relationship between the alleged acts. According to Plaintiffs, both events were relat-

ed to her employment and resulted from political animus against her because she was a PDP supporter. Thus, for the reasons stated above we find that Plaintiffs' section 1983 claims are timely. The Court hereby **DENIES** Defendants' Motion to Dismiss as it relates to Plaintiffs' section 1983 action.

**B) Article 1802 (P.R.Laws Ann. tit. 31 § 5298(2))**

█ Plaintiffs also seek damages for the aforementioned facts under Puerto Rico's general tort liability statute. *See* P.R.Laws Ann. tit 31 § 5141. As stated above, general tort claims have a one year statute of limitations period. *See* P.R.Laws Ann. tit. 31 § 5298(2). Although the Puerto Rico Supreme Court has not ruled squarely on the continuing violation theory, scholarship on Puerto Rico law has addressed the issue. The local equivalent to the continuing violation theory as manifested in the case at issue is the "successive damages theory." Successive damages are a sequence of acts which result in damages that are manifested and recognized by the affected party at different times. *See* II, HERMINIO M. BRAU DEL TORO, LOS DAÑOS Y PERJUICIOS EXTRACONTRACTUALES EN PUERTO RICO, 643 (Luiggi Abraham ed., 1986) The main difference between the Federal Continuing Law Theory and the Local Successive Damage Theory relates to the accrual date. The statute of limitations' clock for each of the actionable events begins to run when the creditor learns of the particular damage. *See, Sánchez v. Autoridad de Energía Eléctrica*, 97 JTS 45, at p. 868 (dissenting opinion by Hernández Denton, J. whose explanation of the successive damages theory is not at odds with the Court's holding.) Thus, because there are mainly two actionable events, those resulting from the January 1997 transfer and those resulting from the April 1998 transfer, the Court finds that there is an accrual period for each of the time periods. Therefore, unless interrupted, Plaintiffs' general tort action arising from the first transfer is time-barred, while the allegations arising from the second transfer are timely.

Plaintiffs, however, argue that their May 6, 1997 (Opp'n Defs.' Mot. Dismiss Ex. II) let-

ter to the Municipality was an extrajudicial claim that tolled the one year statute of limitations for the first action. Puerto Rico has a tolling statute which states that, "Prescription of actions is interrupted by their institution before the courts, *by extrajudicial claim of the creditor*, and by any act of acknowledgment of the debt by the debtor." P.R.Laws Ann. tit 31 § 5303 (emphasis added). Thus, if Plaintiffs' letter is "an extrajudicial claim of the creditor," the statute of limitations' period would be tolled and the action as it related to the January 1997 transfer would be timely.

 The First Circuit has acknowledged the difficulty of defining the term "extrajudicial claim of the creditor" because it "encompasses an array of actions as diverse as human conduct itself." *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 44 (1st Cir.1990). The Puerto Rico Supreme Court has defined extrajudicial claim as "an act for which the holder of a substantive right, addresses the passive subject of said right, demanding that he adopt the required conduct." *Id.* (citing *Diaz De Diana v. A.J.A.S. Insurance Co.*, 110 P.R.R. 601, 608 (1980)). Although an extrajudicial claim may constitute "virtually any demand formulated by the creditor," a creditor must comply with certain requirements to toll the limitations period. *Id.* The claim must be made by the creditor or her legal representative, it must be addressed to the debtor, and it must require or demand the same conduct or relief sought in the subsequent suit. *See, Id.* (citing *De Jesus v. Chardon*, 116 D.P.R. 238, 248 (1985); *Secretario del Trabajo v. Finetex Hosiery Co.; Velilla v. Pueblo Supermarkets, Inc.*, 111 P.R.R. 732, 734–35 (1981)).

▬ The Court finds that Plaintiffs complied with the timeliness and standing requirements for the letter to constitute an "extrajudicial claim." The letter was sent within the year following the accrual date and was made by Plaintiffs' counsel.

The Court also finds that although the letter did not request any payment, it was sufficiently "precise and specific." *Bonilla–Aviles v. Southmark San Juan, Inc.*, 992 F.2d 391, 393 (1st Cir.1993); *Jiménez v. District Court*, 65 P.R.R. 35, 42 (1945). Its

language conveys that Plaintiffs sought redress for Rodríguez's alleged damages for the first transfer. *See Kery v. American Airlines, Inc.*, 931 F.Supp. 947, 952 (D.Puerto Rico 1995). More specifically, Plaintiffs' counsel stresses that said letter should be considered an extrajudicial claim pursuant to P.R.Laws Ann. tit. 31 § 5303. (Opp'n Defs.' Mot. Dismiss Ex. II). The letter also states the identity of the debtor and the date and nature of the events. Thus, given the content of the May 6, 1997 letter, the Court finds that Plaintiffs tolled their general tort action from the events arising from the first transfer.

The Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiffs' claims under Article 1802 of the Puerto Rico Civil Code.

IT IS SO ORDERED.