**Maria Dolores KERY; Apolinar Vargas and the Conjugal Partnership constituted by them, Plaintiffs,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civil No. 94–2056CCC.**

United States District Court, D. Puerto Rico.

Oct. 19, 1995.

---

**950**

Erick Morales, Carolina, PR, for Plaintiffs.

Jay A. Garcia–Gregory, San Juan, PR, for Defendant.

## OPINION & ORDER

CEREZO, Chief Judge.

This is a diversity action for damages under article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, filed on August 5, 1994. Plaintiffs allege that American Airlines, Inc. (American) breached its duty of reasonable care in failing to ensure that an escalator, located on the premises of its terminal facility at the Luis Muñoz Marin International Airport, would not become overcrowded, and in failing to warn of the dangers of overcrowding. They contend that American's alleged negligent acts were the proximate cause of Maria Dolores Kery's fall on January 30, 1993 and that American is liable for the emotional damages suffered by her and her husband, Apolinar Vargas, for her physical damages and for the economic losses of the conjugal partnership.

On October 6, 1994, defendant made a special appearance and, without submitting to this Court's jurisdiction, filed a motion to dismiss (**docket entry** 3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. American asserts that this action is time barred since the applicable statute of limitations of one year under Puerto Rico law, Article 1868 of the Civil Code, 31 L.P.R.A. § 5298, has expired. Plaintiffs filed an opposition contending that the statute of limitations was interrupted by an extrajudi-cial claim in the form of a letter, sent by certified mail, copy of which was attached.

In its reply brief, American claims that the letter sent by counsel for the plaintiffs did not have the legal effect of interrupting the statute of limitations. It also argues that it ignored the existence of the letter since it was not received. A declaration under penalty of perjury made by Kathleen A. Ashley, analyst of the Insurance and Risk Management Department for American, was submitted in support of this.

■ Since both parties filed materials extraneous to the pleadings, defendant's motion to dismiss was converted into a summary judgment request as the court may not contemplate matters outside the pleadings when considering a motion pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6); *e.g. Cooperativa de Ahorro y Credito Aguada v. Kidder,* 993 F.2d 269, 272–73 (1st Cir.1993); *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). The parties were then given a reasonable amount of time to supplement their motions. Since neither party filed any additional documents, the matter was taken under advisement.

Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298, is the statute of limitations applicable to actions based on defendant's fault or negligence under Article 1802, 31 L.P.R.A. § 5141. It establishes a one year limitations period for such actions from the time the aggrieved person had knowledge of the injury and could exercise his right. 31 L.P.R.A. §§ 5298, 5299; *Riley v. Rodriguez Pacheco,* 119 D.P.R. 762, 775 (1987); *Colón Prieto v. Geigel,* 115 D.P.R. 232, 244–47; 15 Official Translations 313, 327–31 (1984).

There is no dispute on the onset of the limitations period. Kery fell from the escalator on January 30, 1993. This lawsuit was commenced on August 5, 1994, more than one year after the events occurred. Plaintiffs allege, however, that the letter sent to American interrupted the limitations period.

Article 1873 of the Puerto Rico Civil Code provides three methods for interrupting the limitations period:

Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.

31 L.P.R.A. § 5302. We are concerned here with the second method: an extrajudicial claim by plaintiff.

The Supreme Court of Puerto Rico as well as our Circuit have, on many occasions, discussed the principles governing the extrajudicial tolling of the statute of limitations.

■ The principal purpose of a statute of limitations is to secure the economic and social stability of bilateral relations by encouraging swift claims for performance of contractual or legal obligations and thus procure the tranquility of the debtor against the eternal threat of a civil action against him. *Rodriguez–Narváez v. Nazario*, 895 F.2d 38, 43 (1st Cir.1990); *Cintrón v. Commonwealth*, 90 JTS 128, 8231 (1990). The institution punishes idleness in the exercise of rights and protects citizens against claims so remote in time that may render them defenseless due to loss of memory or evidence. *Cintrón*, 90 JTS 128 at 8231; *Silva Wiscovitch v. Weber Dental Mfg., Co.*, 119 D.P.R. 550, 562 (1987); *De Jesús v. Chardón*, 116 D.P.R. 238, 243; 16 Official Translations 290, 297–98 (1985).

■ The termination of the period provided by the statute of limitations signals the extinction of the right of the injured person. Once time has elapsed, he has only a natural right which may not be exacted by legal means. *Cintrón*, 90 JTS 128 at 8231. However, if the limitations period is interrupted through an extrajudicial claim, as set forth in Article 1873 of the Civil Code, the period starts to run anew. *Díaz de Diana v. A.J.A.S.*, 110 D.P.R. 471, 474; 10 Official Translations 602, 606 (1980).

■ The burden of proving tolling, either through direct or circumstantial evidence, falls upon the party asserting it. *Acosta–Quiñones v. Matos–Rodriguez*, 94 JTS 47, 11760 (1994). This is understandable since the Civil Code of Puerto Rico provides that proof of an obligation falls on the party who maintains its existence. 31

L.P.R.A. § 1168, *see also* 25–2 Manuel Albaladejo Garcia, *Comentarios al Código Civil y Compilaciones Forales* 607 (1994).

■ One of the legal principles often cited as governing the tolling of the statute of limitations is that tolling provisions must be interpreted restrictively against the party invoking their protection. *Díaz de Diana v. A.J.A.S.*, 110 D.P.R. 471, 476–77 n. 1; 10 Official Translations 602, 608 n. 1 (1980); *Fernández v. Chardón*, 681 F.2d 42, 54 (1st Cir.1982); *Nazario*, 895 F.2d at 43. However, this principle, which according to a footnote in *Díaz de Diana v. A.J.A.S.* has been insisted upon by the Spanish Supreme Court, is not without its critics. In the opinion of a renowned Spanish commentator, there are contradictory statements in the Spanish jurisprudence. In some cases, the Supreme Court of Spain has taken a restrictive view of the tolling principles, while at other times it has adopted the opposite view, disfavoring prescription. 25–2 Manuel Albaladejo–García, *Comentarios al Código Civil y Compilaciones Forales* 608 (1994). Orozco–Pardo, Spanish scholar, in a work which exclusively addresses the interruption of the limitations period, views the tendency of the Spanish Supreme Court as being "invariably" in favor of giving prescription a restrictive treatment since he believes it is an institution which is not founded on "intrinsic justice." Like Albaladejo, he has denounced conflicting statements on the Court, viewing restrictively both the tolling provisions and prescription. Guillermo Orozco–Pardo, *La Interrupción de la Prescripción Extintiva en el Derecho Civil*, 151–52 (1986).

After *Díaz de Diana v. A.J.A.S.*, Puerto Rico's Supreme Court has not reiterated this principle and has apparently abandoned it. In *Zambrana Maldonado v. Commonwealth*, 92 JTS 12 (1992), Puerto Rico's Supreme Court discussed whether a letter sent to the Attorney General pursuant to the notice provisions of the Actions Against the Commonwealth Act tolled the statute of limitations. In its evaluation of the letter, the Court stated:

The prior notice to the Secretary of Justice was done by the "attorney for the claim-

ant", Mr. Zambrana Maldonado, and in it he first expressed that he was notifying the "following claim". He then proceeded to indicate, among other things, the date and place where the facts occurred, the damages suffered and their cause and nature. Although it is a far cry from being a model of a tolling claim, analyzed in its totality and in *liberal fashion,* this communication expressed Mr. Zambrana Maldonado's unequivocal will to exercise his right to be redressed by the State for his damages.

(Translation and emphasis ours.) *Zambrana Maldonado,* 92 JTS at 9174. Furthermore, in a recent case, *Galib–Frangie v. El Vocero de Puerto Rico,* 95 JTS 71, 922 (1995), the Supreme Court favored the conservation of rights as the norm:

> The prescription of the right is the exception, being its exercise or conservation the norm, because of which the law propitiates the exercise and conservation of rights through the use of prescription's interruptive mechanisms.

(Translation ours.)

▮ Interruption of the limitations period occurs with the "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it". *Feliciano v. A.A.A.,* 93 D.P.R. 655, 660; 93 P.R.R. 638, 643 (1966). "Extrajudicial claim" is a difficult concept to define, given the diverse array of human action it encompasses.[1] Our Circuit has quoted with approval the definition attempted by Díez–Picazo:

> In principle, claim stands for demand or notice. That is: it is an act for which the holder of the substantive right, addresses the passive subject of said right, demanding that he adopt the required conduct. The claim, then, is a pretension in a technical sense.

*Rodríguez–Narváez,* 895 F.2d at 44, *quoting* Luis Díez–Picazo, *La prescripción en el Código Civil,* 130 (1964).

Adopting the position of the same Spanish authority, the Supreme Court of Puerto Rico

has held that its form is not important; the claim may take any conceivable shape. Díez–Picazo, *Id.* at 131; *Matos–Rodríguez,* 94 JTS at 11760; *Zambrana–Maldonado v. Commonwealth,* 92 JTS 12, 9174 (1992). However, it must still comply with certain requirements.

▮ In the past, the Puerto Rico Supreme Court had referred to these requirements without giving them specific names or establishing their number. Recently, in *Galib–Frangie v. El Vocero de Puerto Rico,* 95 JTS 71, 922 (1995), the Court, adopting the position of Orozco–Pardo, Orozco–Pardo, *supra,* pp. 156–60, condensed into four the requirements an extrajudicial claim must meet:

1. *Timeliness:* The claim must be presented before the limitations period elapses. *Galib–Frangie,* 95 JTS 71 at 922. If it is not, prescription will have occurred and the extrajudicial claim will serve no purpose. Orozco–Pardo, *supra,* p. 156.

2. *Standing:* The claim must be made by the holder of the substantive right or by his legal representative. *E.g. Galib–Frangie,* 95 JTS 71 at 922; *Srio. del Trabajo v. F.H. Co., Inc.,* 116 D.P.R. 823, 827; 16 Official Translations 1014, 1019 (1986); *Rodríguez–Narváez,* 895 F.2d at 44. It may also be exercised by an heir, subrogee, or assignee, but not by an unrelated third person. Orozco–Pardo, *supra,* p. 157.

3. *Identity:* The claim must correspond exactly with the right being affected by prescription. *Galib–Frangie,* 95 JTS 71 at 922. It must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit. *E.g. Cintrón,* 90 JTS 128 at 8232–33; *Rodríguez–Narváez,* 895 F.2d at 44.

4. *Suitability of the means used:* The claim must adequately serve to toll the limitations period, depending on the particular case presented. *Galib–Frangie,* 95 JTS 71 at 922; Orozco–Pardo, *supra,* p. 157. Based on prior statements of the Court regarding extrajudicial tolling, other conditions, not specifically addressed in its

---

**1.** "The phrase, in all honesty, is difficult to define, perhaps due in part to the fact that, viewed abstractly, it encompasses an array of actions as diverse as human conduct itself." *Rodríguez–Narváez,* 895 F.2d at 44.

latest opinion on the subject, may logically be included in this requirement:

   a. It must be "precise and specific." *E.g. Jiménez v. Corte,* 65 D.P.R. 37; 65 P.R.R. 35, 42 (1945); *Fernández v. Chardón,* 681 F.2d 42, 53 (1st Cir.1982).

   b. It must be addressed to the debtor or passive subject of the right, not to a third party. *E.g. Velilla v. Pueblo Supermarket,* 111 D.P.R. 585, 587; 11 Official Translations 732, 734–35 (1981); *Rodríguez–Narváez,* 895 F.2d at 44.

   c. The letter must do something more than merely inform or remind, otherwise it would not constitute the "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it." *Galib–Frangie,* 95 JTS 71 at 923; *Zambrana–Maldonado,* 92 JTS 12 at 9174.

■ The alleged debtor must receive the extrajudicial claim.[2] On multiple occasions, the Supreme Court has stated that the letter must "be received" by the debtor. *Acosta–Quiñones,* 94 JTS 47 at 11760; *Zambrana–Maldonado,* 92 JTS 12 at 9171; *Hawayek v. A.F.F.,* 123 D.P.R. 526, 530 (1989); *Díaz de Diana,* 110 D.P.R. at 477; 10 Official Translations at 609 (1980).

That part of the doctrine originated in *Díaz de Diana,* in which the Court quotes Díez–Picazo. The Spanish scholar theorizes that it is sufficient that the claim be addressed to the debtor and that the claimant employ the necessary means that a person of average diligence would have employed to accomplish notice. Díez–Picazo, *supra,* p. 130. He gives, as an example of the application of this norm, a situation in which the claim is left in the domicile of the debtor with the persons with whom the debtor lives. *Id.* However, the Court adopted the application rather than the norm, emphasizing the requirement that the claim arrive at the domicile of the debtor. *Díaz de Diana,* 110 D.P.R. at 477; 10 Official Translations at 609 (1980). This position is criticized by Orozco–Pardo who opines that requiring that the

claim arrive at its destiny leaves it up to the debtor whether interruption is accomplished. Orozco–Pardo, *supra,* p. 79. That is, the debtor may refuse to receive the claim thereby annulling its effect.

An isolated sentence in *Díaz de Diana* seems to require *actual* knowledge of the claim by the debtor. *Díaz de Diana,* 110 D.P.R. at 477, 10 Official Translations at 609 ("On the other hand, a claim of which the debtor has no knowledge cannot be effective."). However, the rest of the opinion makes it evident that the inquiry pursued by the Court was whether the claim had been received, instead of whether defendants had knowledge of it. Furthermore, subsequent opinions of the Court have, in *dicta,* merely required that the claim *arrive* at its destiny. *Acosta–Quiñones,* 94 JTS 47 at 11760; *Zambrana–Maldonado,* 92 JTS 12 at 9171; *Hawayek v. A.F.F.,* 123 D.P.R. 526, 530 (1989).

■ We shall now examine the following letter sent by plaintiffs' attorney to defendant to determine its sufficiency:

   This law office has been retained to represent Mrs. Maria Dolores Kery to prosecute a claim against American Airlines for personal injuries arising out of a fall accident in an escalator in the American Airlines Terminal on January 30th, 1993. Mrs. Kery, a resident of Dominican Republic, had just arrived from said country to Puerto Rico on American Airlines flight #.1514, approximately at 5:00 PM.

   I suggest that you contact your insurance carrier and/or your attorney as soon as possible to advise them of this law office's intent to institute the appropriate federal action against American Airlines.

It is immediately evident that the letter only addresses claims made by Maria Dolores Kery. No mention is made about any claims by Apolinar Vargas and the conjugal society comprised by Kery and Vargas. Since plaintiffs have not adduced any other evidence to substantiate their claim that the limitations period was interrupted with re-

---

2. This requisite could arguably fall under the "timeliness" requirement. That is, as a condition for tolling, it could be exacted that the extrajudicial claim be sent *and* received before the statute of limitations elapses. Notwithstanding, neither Orozco–Pardo nor the Supreme Court hint at this interpretation.

gard to them,[3] this action is, on its face, time barred.

The Supreme Court of Puerto Rico reached the same result in *Galib–Frangie*, 95 JTS 71, where a letter was sent by plaintiff to *El Vocero* newspaper, demanding that it publish a retraction of articles alleged to be libelous. The letter, which the Court found to have tolled the statute of limitations, only as to plaintiff Galib–Frangie, did not make any reference to his spouse nor to their conjugal partnership.

In this case, the claims made by Apolinar Vargas and the conjugal partnership are DISMISSED. Whether the letter tolled the limitations period as to Kery's claims merits consideration. That letter, dated August 6, 1993, falls within the original one-year term after the accident of January 30, 1993, and, therefore, satisfies the timeliness requirement.

■ It starts with the admonition that plaintiffs' attorney has been "retained" to "represent" Kery · to "prosecute" a claim against American Airlines. Therefore, the letter satisfied the standing requirement outlined above: it was made by Kery's legal representative.

■ To interrupt the prescriptive period, the extrajudicial claim and the civil suit must pursue identical purposes. In other words, the extrajudicial claim and the subsequent lawsuit must seek the same remedy. The letter did not request payment of a specific amount. However, its language made it fairly clear that redress for Kery's injuries was the remedy sought. The phrase "prosecute a claim against American Airlines for personal injuries arising out of a fall accident," taken together with the last sentence of the letter—"intent to institute the appropriate federal civil action"—clearly convey the message that Kery was seeking damages and would file a complaint against American Airlines. Thus, we believe the identity requirement was met.

■ To address the suitability of the means used we must analyze its individual elements as outlined above. We believe the letter is sufficiently detailed to be deemed "precise and specific." It states the identity of the aggrieved person (Maria Dolores Kery), the nature of the claim (for personal injuries arising out of a fall), the place of the injury (an escalator at the American Airlines terminal), its date (January 30, 1993), the time at which the fall occurred (approximately at 5:00 PM), and the flight in which plaintiff arrived (1514). It further apprised American to contact its attorneys or insurance carrier to advise them of Kery's intention to file a complaint.

■ The letter was addressed to American Airlines and specifically to one Mr. Eklund. There is no evidence in the record concerning the identity of Mr. Eklund. However, defendants concede that the letter was correctly addressed. Declaration under penalty of perjury by Kathleen A. Ashley, ¶ 5. Thus, we conclude that the letter also satisfied the requisite that it be addressed to the alleged debtor.

■ Whether the letter does something more than merely inform or remind is a close question. It is true that the letter does not demand payment of any sum of money, nor does it allege negligence or causation. However, it must be remembered that an extrajudicial claim is not the *complaint* itself. In effect, as Albaladejo states, it is a "pretension in a technical sense." Hence, we believe it should not be subject to the standards of a complaint. It need not, for example, state a claim for purposes of Rule 12 analysis. Additionally, as Albaladejo also comments, there is a large number of instances—between the mere reminder that a debt exists and the pure claim—in which it must be concluded that a claim exists and that, therefore, the limitations period was interrupted, provided that the "social conscience" considers that it is a conduct in which, with more or less subtlety, a decision to obtain payment is evidenced. *Zambrana–Maldonado*, 92 JTS 12 at 9172; *quoting* Albaladejo, *supra*, at 610. Although the letter

---

3. As stated before, the burden of proving tolling, either through direct or circumstantial evidence, falls upon the party asserting it. *Acosta–Qui-* ñones *v. Matos–Rodriguez*, 94 JTS 47, 11760 (1994).

could have alerted defendant that a claim against it existed using more assertive language, we find that it adequately accomplished its purpose and that it constituted a suitable means to toll the statute of limitations.

 The threshold issue is whether the letter was received by American. Kery alleges that she sent the letter to DFW Airport in Texas to an address that American concedes was the correct one. She has submitted a copy of the letter and the certified mail return receipt which shows it was delivered on August 13, 1993 and received by someone whose first initial appears to be an R. However, in a document submitted by defendant, Kathleen A. Ashley, Analyst of American's Insurance and Risk Management Department, she declares under penalty of perjury that all mail of this type is received through their mail room located in the Fort Worth headquarters facility and that there is no record of ever receiving a copy of the letter. She further asserts that had this letter been received, an individual file would have been opened and a response sent, events which did not happen. She also notes that the postmark in the receipt shows that the letter was processed through the post office in Abilene, not the DFW Airport's post office.

What we have here, therefore, is a genuine issue as to a material fact: the certified mail return receipt is "sufficient evidence to permit a reasonable trier of fact to resolve the issue in the nonmovant's favor." *E.g. Casas Office Machines v. Mita Copystar America*, 42 F.3d 668, 684 (1st Cir.1994). Summary judgment is an appropriate remedy "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). At this stage, "there is no room for credibility determinations" or "for the measured weighing of conflicting evidence such as the trial process entails." *E.g. Greenburg v. Puerto Rico Maritime Ship-*

*ping Auth.*, 835 F.2d 932, 936 (1st Cir.1987). Accordingly, summary judgment with respect to Kery's claim is improper.

In view of the foregoing, American's motion for summary judgment (docket entry 3) is GRANTED with respect to the claims made by Apolinar Vargas and the conjugal partnership. Their claims are DISMISSED as time barred. With respect to the claim for personal injuries by Maria Dolores Kery, the motion for summary judgment is DENIED.

SO ORDERED.