# United States Court of Appeals
## For the First Circuit

No. 99-2216

MIGUEL A. ANDINO-PASTRANA,

Plaintiff, Appellant,

v.

MUNICIPIO DE SAN JUAN, SILA MARIA CALDERON, AS MAYOR OF SAN
JUAN, EDUARDO RIVERO-ALBINO, AS AN OFFICER OF SAID MUNICIPALITY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Stahl, Circuit Judge,
Lynch, Circuit Judge,
and Gorton,* U.S. District Judge.

Godwin Aldarondo-Girald and Aldarondo-Girald Law Office on
brief for appellant.
Carlos M. Sanchez La Costa and William Vazquez Irizarry on
brief for appellees.

June 22, 2000

_____
* Of the District of Massachusetts, sitting by designation.

**STAHL,** <u>Circuit Judge</u>. On August 7, 1998, plaintiff-appellant Miguel A. Andino-Pastrana, a career employee of the Municipality of San Juan, Puerto Rico ("Municipality"), brought this damages action under a number of federal and Commonwealth civil rights and tort statutes. Plaintiff alleged that his former supervisor, defendant-appellee Eduardo Rivero-Albino, transferred him and took additional adverse employment actions against him because of his race and his political beliefs. Plaintiff also named as defendants the Municipality itself and Mayor Sila Maria Calderon, who was in office at all relevant times. But because plaintiff sued the individual defendants in their official capacities only, the suit was and is for all practical purposes solely against the Municipality. <u>See</u> <u>Will</u> v. <u>Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

Defendants moved to dismiss the action as time-barred because plaintiff was aware of his allegedly discriminatory transfer no later than July 10, 1997, yet waited more than a year from the date of transfer to file his complaint. <u>See, e.g.</u>, <u>Wilson</u> v. <u>Garcia</u>, 471 U.S. 261, 275-80 (1985) (directing federal courts to borrow and apply state personal injury limitations statutes in 42 U.S.C. § 1983 actions); <u>Guzman-Rivera</u>

-2-

v. Rivera-Cruz, 29 F.3d 3, 4-5 (1st Cir. 1994) (applying Puerto Rico's one-year personal injury statute of limitations in a civil rights damages action brought in the District of Puerto Rico). In his opposition papers, plaintiff agreed that his cause of action accrued no later than July 10, 1997, and that he was required to file suit within one year of its accrual. But plaintiff argued that an administrative appeal filed less than a month after his transfer with the Commonwealth's Merit Systems Protection Board ("JASAP" is the Spanish acronym for the Board) should be regarded as an "extrajudicial claim" sufficient to toll the running of the limitations period. See P.R. Laws Ann. tit. 31, § 5303 (providing that the "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor"). In a carefully reasoned opinion and order, the district court rejected plaintiff's argument and entered judgment for defendants. We affirm.

Although "an extrajudicial claim is subject to only a few requirements," Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia., 142 F.3d 1, 4 (1st Cir. 1998) (noting that such a claim "must be made by the holder of the substantive right (or his legal representative), . . . be addressed to the debtor or

-3-

passive subject of the right, not to a third party, and . . . require or demand the same conduct or relief ultimately sought in the subsequent lawsuit") (citation, internal quotation marks, and ellipses omitted), the Supreme Court of Puerto Rico has insisted on strict enforcement of the requirement that there be "a certain identity between the action instituted and the action tolled," Cintron v. Commonwealth of Puerto Rico, No. CE-88-761, slip op., translation, at 8 (P.R. Supreme Court Dec. 7, 1990) (citation omitted); see also Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998) (applying Puerto Rico law in deciding whether to toll as an extrajudicial claim the limitations period for the filing of a 42 U.S.C. § 1983 action). Even substantial overlap between the putative extrajudicial claim and the subsequent lawsuit is not enough; rather, there must be a "'precise and specific'" identity between the two. Ramos Baez v. Bossolo Lopez, 54 F. Supp.2d 121, 125 (D. Puerto Rico 1999) (quoting Jiminez v. District Court, 65 P.R.R. 35, 42 (1945)); see also Fernandez v. Chardon, 681 F.2d 42, 53 (1st Cir. 1982).

Here, the identity between plaintiff's administrative appeal and this lawsuit is insufficiently precise and specific for the appeal to constitute an extrajudicial claim. In the lawsuit, plaintiff has alleged that defendant Municipality,

-4-

through the official acts of its agents, violated rights secured him under the First, Fourth and Fourteenth Amendments to the United States Constitution; Article II, §§ 1, 6, and 7 of the Puerto Rico Constitution; 42 U.S.C. §§ 1981, 1983, and 1985; and 31 P.R. Laws Ann. tit. 31, §§ 5141 and 5142. In his appeal before the JASAP, however, plaintiff asserted only that he suffered a discriminatory transfer and sundry other work related persecution "in violation of the Merit Principle and . . . current Personnel Regulations." There is not even an indirect suggestion, for example, that the defendants to this suit invaded plaintiff's Fourth Amendment rights or conspired to deny him his equal protection rights within the meaning of 42 U.S.C. § 1985(3), as plaintiff has alleged in his amended complaint.

Moreover, in this lawsuit, plaintiff seeks from defendant Municipality, presumably under a theory of respondeat superior (as no unlawful municipal custom or policy is alleged), "compensatory damages, damages for pain and suffering and liquidated damages, which are estimated at $1,000,000," as well as "costs, interests and attorney's fees." In the administrative appeal, however, plaintiff focused on equitable relief, asking that his transfer be set aside and that an unspecified "defendant" be directed "to cease and desist from persecuting and harassing him." To be sure, plaintiff did

-5-

follow up this prayer for an injunction with a request for compensation in the amount of $1,000,000 "for suffering and mental anguish" – a request that the JASAP clearly lacked the authority to grant.  See P.R. Laws Ann. tit. 3, § 1397 (authorizing the JASAP only to issue orders of reinstatement and awarding back pay); Cintron, No. CE-88-761, slip op., translation, at 10.  But it is not at all clear that plaintiff expected the Municipality to pay the compensatory damages, as the text of the appeal complains almost exclusively about the conduct of Rivero-Albino.  In any event, the lack of precise and specific identity between the claims put forth in the administrative appeal and the relief sought in this lawsuit precludes recognition of the administrative appeal as an extrajudicial claim.  See, e.g., Benitez-Pons, 136 F.3d at 59-61.

In their brief, defendants invite us to hold that an appeal to the JASAP with a request for an ultra vires damages award will never constitute an extrajudicial claim sufficient to toll the running of a limitations period in a civil rights damages action.  But there is no need for us to rule so broadly, and we decline to do so.

**Affirmed.**  No costs.