# United States Court of Appeals
## For the First Circuit

No. 20-1290

HECTOR MARCANO-MARTINEZ; WANDA HERNANDEZ-DIAZ,

Plaintiffs, Appellants,

v.

COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO,

Defendant, Appellee,

JOHN DOES 1, 2, 3; A, B and C, CORPORATIONS; UNKNOWN INSURANCE

COMPANIES A THROUGH H,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

David Efron on brief for appellants.
Víctor J. Casal-Vázquez and Javier de la Luz-Gamarra on brief
for appellee.

March 22, 2021

**BOUDIN**, <u>Circuit Judge</u>. Héctor Marcano-Martínez and Wanda Hernández-Díaz sued their insurer, Cooperativa de Seguros Múltiples de Puerto Rico ("CSM"), to force CSM to pay for damages Hurricane María inflicted on their property. Finding the suit was time-barred under the terms of the insurance contract, the district court granted summary judgment to CSM; Marcano-Martínez and Hernández-Díaz ("appellants") appeal this judgment.

"In general, the grant of summary judgment is reviewed <u>de novo</u>, reasonable doubts and issues of credibility being resolved in favor of the non-moving party." <u>Hernandez-Loring</u> v. <u>Universidad Metropolitana</u>, 233 F.3d 49, 51 (1st Cir. 2000). Evidentiary rulings are often said to be tested for "a clear abuse of discretion," <u>EEOC</u> v. <u>Green</u>, 76 F.3d 19, 24 (1st Cir. 1996), but in truth evidence issues can easily turn on issues of fact or law or (quite often) judgment calls for which reasonableness is indeed the accurate standard.

The insurance contract states that "[n]o legal action can be brought against us [CSM] unless there has been full compliance with all the terms of this policy" and "[u]nder the Property Coverage Part the legal action must start within one year of the date of loss." Hurricane María struck Puerto Rico on September 20, 2017, but appellants filed the instant suit more than a year later, on January 9, 2019.

Under Puerto Rico law, "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303.[1] Appellants' judicial claim was clearly too late, so in the district court they said "[c]ommunications related to extrajudicial claims under the CSM Policy made by Plaintiffs, or on behalf of them, shall be produced as soon as counsel receives them." Yet they failed to produce any such communications.

After a status update from both parties, CSM moved for summary judgment. Appellants replied via declarations stating they:

> attempted to contact [CSM] on multiple occasions starting on or about September 27, 2017 to make an extrajudicial claim under Insurance Policy No MPP-2280791. . . . After many attempts over the next few months, when [we] did get through we were assured we would be called back. No such call ensued. We knew from different sources that this insurer was not responding to claims, much less returning calls regarding coverage. . . . CSM has refused to pay, or in any way effectively resolve our claim, and has for some time, during most of 2018, been ignoring meaningful communications by us.

---

[1] As understood by the Supreme Court of Puerto Rico, and endorsed by this court, an extrajudicial claim "stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopt the required conduct." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998) (citation omitted).

CSM submitted three declarations from its employees, each stating that "[n]o judicial nor extrajudicial claim was made to [CSM] before the filing of this complaint."  The court concluded that appellants hadn't made an extrajudicial claim.

Appellants argue the district court erred by crediting CSM's declarations but not appellants' declarations.  But in its opinion the court assumed that appellants had called CSM, stating: "Even if Defendant CSM had been timely notified, the method used by Plaintiffs was still not adequate.  A phone call with no other evidence, not even a claim number, is insufficient to toll the prescriptive period . . . ."

Appellants also argue that phone calls they allegedly made were extrajudicial claims; an extrajudicial claim "must be made by the holder of the substantive right (or his legal representative), it must be addressed to the debtor or passive subject of the right, not to a third party, and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit." Rodriguez Narvaez v. Nazario, 895 F.2d 38, 44 (1st Cir. 1990) (internal citations omitted).

"Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009) (citing Tokyo Marine & Fire Ins. Co., 142 F.3d at 4).  Assuming, as the district court

- 4 -

did, that appellants called CSM, their claims lacked the specificity required to meet their burden. See Kery v. Am. Airlines, Inc., 931 F. Supp. 947, 953 (D.P.R. 1995) (citing Fernandez v. Chardon, 681 F.2d 41, 53 (1st Cir. 1982)) (noting extrajudicial claims must be "precise and specific" to toll the limitations period). Appellants provided no details as to what they said to CSM in the phone calls--appellants did not even point to a specific date when they allegedly called CSM. Of the cases appellants cite, the only one where oral communication was enough to toll involved extensive conversations between opposing counsels, occurring within a specified range of dates, that led directly to settlement negotiations regarding the same claim later raised in court.[2] Lazaro v. Abbott Med. Optics, Inc., No. 16-1248, 2017 WL 1380539, at *5-6 (D.P.R. Apr. 17, 2017).

Appellants make five more arguments, each of which was not made in the district court. Delay in raising arguments wastes time and money; absent unusual circumstances, arguments raised for the first time on appeal should fail almost automatically. See

---

[2] Additionally, at least one of the appellants was an attorney, a sophisticated party who presumably would have been aware of the importance of documenting the multiple occasions when they attempted to make an extrajudicial claim. Cf. Walker v. President & Fellows of Harvard Coll., 82 F. Supp. 3d 524, 532 (D. Mass. 2014) (concluding plagiarism hearing of a law student conformed to basic principles of fairness because plaintiff was "herself a sophisticated party, having nearly completed her JD at Harvard Law School.").

<u>Teamsters Union, Local No. 59</u> v. <u>Superline Transp. Co.</u>, 953 F.2d 17, 21 (1st Cir. 1992).  None as raised here warrants an exception.

<u>Affirmed</u>.